UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

EDWARD GENE SMITH,

Defendant.

25-CR-004 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has received the Government's letter regarding the recently filed declaration of Dr. Laurie Sperry. Dkt. 153 ("G Letter").

The relevant procedural history is as follows. On August 14, 2025, the defense filed a notice of his intent to call Dr. Sperry at trial to testify about how defendant Edward Gene Smith's Autism Spectrum Disorder ("ASD") may have affected his responses in interviews with the Federal Bureau of Investigation. On August 28, 2025, the Government filed a motion to exclude that testimony, Dkt. 96, which the Court later granted in its entirety, Dkt. 108. On September 30, 2025, a grand jury returned Superseding Indictment S1 25 Cr. 4 (PAE), which, *inter alia*, adds Count Four, charging Smith with falsifying a document with the intent to obstruct a federal investigation, in violation of 18 U.S.C. §§ 1519 and 2.

On November 24, 2025, the defense filed a letter stating its intent to introduce testimony of Dr. Sperry related to Count Four. Dkt. 145. At a conference that day, the Court set a briefing schedule for the defense's disclosure as to Dr. Sperry and for a Government motion to preclude such testimony. Dkt. 146. On December 4, 2025, the defense sought a two-day extension of the deadline to file Dr. Sperry's disclosure. Dkt. 150. The Court granted this extension request

1

(although, due to an administrative error, its memorandum endorsement to that effect did not appear on the docket). On December 10, 2025, the defense filed Dr. Sperry's disclosure. Dkt. 152.

The Government now seeks to preclude Dr. Sperry's testimony without further briefing because the disclosure: (1) impermissibly seeks to supplement Dr. Sperry's initial report, which the Court precluded in its entirety; (2) opines on topics unrelated to Count Four; and (3) does not address the narrow topic—related to Smith's payment for statements by alleged victims—that defense counsel identified at the November 24, 2025 conference as the sole subject of Dr. Sperry's proposed testimony. G Letter at 1–2.[1] In the alternative, the Government asks the Court to order the defense to clarify which of the asserted opinions in Dr. Sperry's initial report are incorporated into her disclosure, and to set an amended briefing schedule for its motion to preclude. *Id.* at 2.

The Government's critique to the effect that Dr. Sperry's report significantly exceeds the limited bounds authorized by the Court at the November 24, 2025 conference appears merited. Accordingly, the Court expects that any motion to preclude Dr. Sperry's proposed testimony will focus tightly on her opinions specific to the conduct charged in Count Four. The Government's discussion of other points ought not be extended, and the Government need not retread ground covered by the Court's earlier decision regarding Dr. Sperry's proposed testimony. Should the Court required additional briefing from the Government, it will invite such.

---

[1] The Government also argues that Dr. Sperry's testimony should be excluded as untimely. However, defense counsel sought a two-day extension of this deadline, and as noted, the Court granted that request, albeit in a memorandum endorsement that was not properly docketed. The Court therefore treats the defense's submission as timely.

The Court sets the following revised briefing schedule. Any motion to preclude by the Government is due **December 18, 2025**. Any opposition by the defense is due **December 23, 2025**. The Court does not require a reply. Should the Government wish to reply, the reply is to be submitted by **January 6, 2026**.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: December 12, 2025
       New York, New York