LAW OFFICES OF
### DONNA R. NEWMAN
ATTORNEY AT LAW
20 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10007
TEL. 212-229-1516
FAX 212-676-7497
DONNANEWMANLAW@AOL.COM
MEMBER: N.Y. & N.J. BAR

April 15, 2026

**Via ECF and Email**
Honorable Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: <u>United States v. Edward Gene Smith</u>, 25-Cr-004 (PAE)

Dear Judge Engelmayer:

On  April 13th, the parties appeared before Your Honor at a conference during which Your Honor relieved Ken Womble, Esq. from his representation of Mr. Smith and appointed me in his place. At that time, Your Honor scheduled sentencing for June 18th, with defense sentencing submission due on June 4th. In deciding on that schedule, the Court took into consideration the three weeks during which Mr. Womble had suspended his representation of Mr. Smith due to Mr. Smith's then-pending motion to withdraw his guilty plea.

During those same three weeks, I had been appointed for a limited purpose only: to discuss with Mr. Smith his motion to withdraw his plea. I was not appointed during that time in connection with the sentencing, nor was I in a position to take steps that I believe are essential to providing Mr. Smith with effective representation at sentencing.

Yesterday with my focus now on preparing for Mr. Smith's sentencing, I spent a considerable amount of time thinking about those next steps. As explained below, recognizing the Court's desire to move the case forward, I nonetheless must respectfully ask the Court for an adjournment of the sentencing date in order to fulfill my obligation under the CJA and the Sixth Amendment.

For context, I provide a short summary of Mr. Smith's representation to date. When Mr. Smith's attorney Sam Braverman asked the Court in early December 2025, to appoint co-counsel, the Court granted that request and appointed Ken Womble. Mr. Womble dove into the voluminous discovery and, shortly thereafter, the parties reached a plea agreement, which was entered into at a plea hearing on January 27, 2026.

I spent Monday evening and good deal of time yesterday reviewing various documents filed in the case, speaking with colleagues to ask for recommendations for an appropriate expert, and speaking with a mitigation expert who has been involved in similar cases. The experts to whom I was referred and with whom I spoke were either not appropriate for this case and/or were not available on short notice. I believe that an appropriate expert is essential to provide the Court with a psychological and physiological context for Mr. Smith's offense conduct.

In addition, Mr. Smith has raised several issues with me that will require review of some of the discovery in order to appropriately address his concerns and formulate responses to the offense conduct summary in the Presentence Report ("PSR").

Based on conversations with Mr. Braverman, I understand that since Mr. Womble was appointed in December, Mr. Braverman has not done a lot of work on this matter as he conducted a state murder trial for the month of January and then traveled around the country lecturing on criminal defense (as he is doing today, in Massachusetts), and thus he too has not worked on sentencing.

The allegations here are grave. Mr. Smith, at 51 years old, faces a substantial sentence. As per the plea agreement the minimum sentence the Defense can request is 20 years of imprisonment. It is imperative that he appear for sentencing only after I have been able to discuss the psychological and physiological context for his offense conduct with an appropriate expert (after that expert's evaluation of Mr. Smith), to address Mr. Smith's concerns about factual statements in the PSR, and to present Mr. Smith's background and offense conduct in context of a full analysis under 18 U.S.C. § 3553(a) for the Court's consideration. We cannot do that in seven weeks, even if we find an expert tomorrow, and even if the Court appoints associate counsel, as I am separately requested. For these reasons, we respectfully ask the Court to adjourn the sentencing until early September (this considers vacation schedules of counsel) or until early August as that will provide the Defense with sufficient time to effectively represent Mr. Smith.

Based on the email communications with the Government they will oppose this motion. I have asked the Government not to have the victims purchase their airline tickets until the Court rules on this motion.

I thank the Court for its consideration of this request.

Respectfully,
/s/
Donna R. Newman
Cc: All counsel of record

The Court will take up the request for an adjournment of sentencing at the conclusion of the Curcio hearing scheduled for April 21, 2026. As guidance to counsel, the Court is amenable to a brief adjournment of sentencing (e.g., to early July) but the parties should not expect a lengthy adjournment such as that requested by the defense.

4/17/2026

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge