UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

EDWARD GENE SMITH,

Defendant.

25 Cr. 4 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

A sentencing hearing in this case is scheduled for Thursday, July 16, 2026, at 10:30 a.m. This order notifies the parties as to the Court's intentions as to the content of that hearing.

As background, the Court has reviewed the defense's sentencing submission and exhibits, filed July 2, and has begun its review of the Government's sentencing submission, which was transmitted last night, and its exhibits, which were transmitted, belatedly, this morning. The Court thanks counsel for their detailed submissions.

These submissions, however, identify two subjects—preliminary to the imposition of sentence—that are apt to occupy substantial time at the sentencing hearing.

First, there are unresolved objections by the defense to approximately 60 paragraphs in the Presentence Report ("PSR"). These objections take different forms. Some object to facts stated in the paragraph at issue; some propound additional facts as asserted context for the facts stated; and others offer commentary on the facts stated. The Government urges the Court to globally deny these objections, noting that some disputed facts are ones to which the defense stipulated in Exhibit A to the plea agreement. But that critique covers only a subset of the facts

implicated by the defense's objections. Of necessity, the Court will review with counsel, and resolve to the extent possible, each of the outstanding objections.

Second, the parties have submitted competing expert reports with respect to the subject of autism spectrum disorder ("ASD"). The defendant's expert opines that the defendant has ASD, and the defense argues that this disorder should be viewed as a mitigating factor at sentencing. The Government's expert disputes this diagnosis, and the Government argues that such a condition would not be mitigating. It is unclear to the Court to what extent these materials present factual dispute(s) requiring resolution. Critically, it is unclear whether the parties are content for the Court, based on the existing factual record, to resolve any factual disputes in this area that it finds material. Of necessity, the Court will review these questions with counsel.

Accordingly, the Court will not impose sentence at the July 16 hearing, but will instead use the hearing to attend to preliminary questions.

Specifically, the Court intends to (1) make a record of the materials it has received in connection with sentencing and confirm the parties' receipt and review of these; (2) take up objections to the PSR; (3) take up issues presented by the parties' submissions as to autism; (4) calculate the Guidelines range, as to which the parties have stipulated to the range calculated in the PSR and which appears unaffected by any outstanding objections; and (5) hear from any victim who wishes to speak. The Court will, however, defer until a later date the balance of the sentencing process, including hearing statements from counsel and the defendant, and imposing sentence. Provided that the matters identified above do not necessitate additional proceedings (*e.g.*, a *Fatico* hearing), the Court's expectation would be, at the close of the July 16 hearing, to set a date for the completion of sentencing.

In order to expedite matters at the July 16 hearing, the Court directs (1) defense counsel to be prepared, with respect to each PSR paragraph to which the defense has noted an objection, to identify with distinctness any facts in that paragraph whose accuracy the defense disputes; and (2) Government counsel to be prepared, with respect to any PSR paragraph in connection with which the defense's objection sets out additional facts as purported context, to state whether it disputes those facts.[1] Counsels' succinct responses on these factual points will enable the Court, at the hearing, to determine whether facts are in dispute, and, if so, whether these are material to sentencing.

The Court encourages counsel to confer on the two above points—how to resolve any factual disputes implicated by the outstanding PSR objections and whether the Court can resolve any factual issues relating to autism based on the current record—forthwith. If counsel can resolve the above matters by written agreement submitted in advance, the Court would then be open to holding a sentencing on a single day.

For avoidance of doubt, the Court does **not** authorize the submission of any additional factual or expert material in connection with this sentencing.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: July 10, 2026
New York, New York

[1] A chart dated June 8 and prepared by the Government as an exhibit to its sentencing submission helpfully identifies portions of the contested PSR paragraphs to which the defendant has stipulated or admitted. It also argues that certain facts proffered by the defense that are not in those paragraphs are immaterial. However, it does not consistently state whether those facts are accurate (or whether the Government is prepared to assume their accuracy).