

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 22, 2026

**By Email**

Samuel M. Braverman, Esq.
Anderson Kill P.C.
7 Times Square, 15th Floor
New York, NY 10036
sbraverman@andersonkill.com

Ken Womble, Esq.
Zeman & Womble, LLP
20 Vesey Street, Ste. 400
New York, NY 10007
womble@brooklynattorney.nyc

> **Re:**   ***United States v. Edward Gene Smith***,
> **S2 25 Cr. 4 (PAE)**

Dear Mr. Womble and Mr. Braverman:

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept guilty pleas from Edward Gene Smith ("the defendant") to Counts One, Three, Four, and Six of the above-referenced Second Superseding Indictment (the "Indictment").

Count One charges the defendant with distribution of a controlled substance to an individual ("Victim-1") with the intent to commit a crime of violence, namely, rape, in violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(2), and 841(b)(7). Count One carries a maximum term of imprisonment of 20 years; a maximum term of supervised release of life; a mandatory minimum term of supervised release of one year; a maximum fine of $250,000; and a $100 mandatory special assessment.

Count Three charges the defendant with inducing an individual ("Victim-2") to travel to engage in unlawful sexual activity for which the defendant may be charged with a crime, in violation of Title 18, United States Code, Section 2422(a). Count Three carries a maximum term of imprisonment of 20 years; a maximum term of supervised release of life; a mandatory minimum term of supervised release of five years; a maximum fine of $250,000; and a $100 mandatory special assessment.

Count Four charges the defendant with receipt of child pornography (also known as "child sexual abuse material"), in violation of Title 18, United States Code, Sections 2252A(a)(2)(B) and

2025.03.12

(b)(1). Count Four carries a maximum term of imprisonment of 20 years; a mandatory minimum term of imprisonment of five years; a maximum term of supervised release of life; a mandatory minimum term of supervised release of five years; a maximum fine of $250,000; an additional assessment of up to $35,000, pursuant to 18 U.S.C. § 2259A; and a $100 mandatory special assessment.

Count Six charges the defendant with falsification of a document with intent to obstruct a federal investigation, in violation of Title 18, United States Code, Sections 1519 and 2, and carries a maximum term of imprisonment of 20 years; a maximum term of supervised release of three years; a maximum fine of $250,000; and a $100 mandatory special assessment.

The total maximum term of imprisonment on Counts One, Three, Four, and Six is 80 years, with a mandatory minimum term of five years. In addition to the foregoing, the Court must order restitution as specified below.

In consideration of the defendant's pleas to the above offenses, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations, if any, as to which this Office cannot, and does not, make any agreement) for (i) his possession with intent to distribute a controlled substance, Klonopin (clonazepam), with the intent to commit rape of Victim-1, at least on or about April 23, 2023, as charged in Count One of the Indictment; (ii) his inducement of Victim-2 to travel to engage in unlawful sexual activity, from at least in or about 2019 through at least in or about 2020, as charged in Count Three of the Indictment; (iii) his receipt of child sexual abuse material, including images and videos of prepubescent minors and minors who had not attained 12 years of age, from at least on or about June 3, 2023 through at least on or about June 6, 2023, as charged in Count Four of the Indictment; and (iv) his falsification of a document with intent to obstruct a federal investigation, in or about August 2024, as charged in Count Six of the Indictment, all as further set forth in Exhibit A of this Agreement, along with the additional conduct also set forth in Exhibit A, including as to Victim-3 and others, it being understood that this Agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq.* In addition, at the time of sentencing, the Government will move to dismiss any open Counts against the defendant. The defendant agrees that with respect to any and all dismissed charges the defendant is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

It is understood that all of the uncharged conduct set forth in subsections (i) through (xv) of Exhibit A, which the defendant admits, constitutes either relevant conduct, pursuant to United States Sentencing Guidelines ("U.S.S.G.") Section 1B1.3, or other conduct of the defendant, pursuant to U.S.S.G. § 1B1.4, that the Court may consider at the time of sentencing. It is further understood that all such conduct, including conduct relating to persons not named in the counts of conviction, may be relevant to the determination of restitution pursuant to 18 U.S.C. §§ 2259, 2264, 3663(a)(3), and 3663A, and that, as further specified below, the Court may order restitution to any identified victim of such conduct, within the meaning of 18 U.S.C. § 3663(a)(2), regardless of whether such victim is named in a count to which the defendant is pleading guilty. It is further understood that the listing of conduct set forth in subsections (i) through (xv) of Exhibit A does

2025.03.12

not limit the information or evidence that the Government may present to the Probation Office or Court in connection with sentencing.

The defendant hereby admits the forfeiture allegations with respect to Counts One, Three, Four, and Six of the Indictment and agrees to forfeit to the United States, pursuant to Title 21, United States Code, Section 853; Title 18, United States Code, Section 2428; and Title 18, United States Code, Section 2253, all right, title and interest of the defendant in the following specific property, seized from the defendant's person or his residence in or about June 2024:

(i) A Toshiba Hard Drive, serial number 131APB1TTV2;
(ii) A Toshiba Hard Drive, serial number X1TCFBVRSPU;
(iii) A My Passport Hard Drive, serial number WX72DC07A4DH;
(iv) A Toshiba Hard Drive, serial number 95EA7AP7TYP3;
(v) A Seagate Portable Hard Drive, serial number NACMZJ1G;
(vi) A silver HP Laptop, serial number 5CD026FTPN;
(vii) A silver HP Laptop, serial number 5CD5396X46;
(viii) A Lenovo Ideapad laptop, serial number PF48SQF4;
(ix) A black iPhone, serial number F71WRD64HG71; and
(x) A Samsung Galaxy smartphone, IMEI 359823615844679

(collectively, the "Specific Property"). The defendant agrees that the defendant will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. The defendant also agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the execution of all necessary documentation. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant further agrees to make restitution to Victim-1, Victim-2, and all victims of Count Four (including victims in images and/or videos of child sexual abuse material possessed by the defendant), to the extent they seek restitution, in amounts ordered by the Court in accordance with 18 U.S.C. §§ 2259, 2264, 3663(a)(3), and 3663A. With respect to the last of these categories, the defendant understands that, to date, victims have requested a total of $75,500 with respect to child sexual abuse material that the defendant received and/or possessed, and the defendant agrees that he will pay this total amount to such victims, and also will pay no less than $3,000 to each additional victim in such category, to the extent they have sought or will seek restitution, pursuant to 18 U.S.C. § 2259. Pursuant to 18 U.S.C. § 3663A(a)(3), as stated above, the defendant further agrees to make restitution to identified victims other than victims of the offenses of conviction, including but not limited to Victim-3, to the extent they seek restitution. The defendant further agrees that the obligation to make restitution shall be made a condition of probation, *see* 18 U.S.C. § 3563(b)(2), or of supervised release, *see* 18 U.S.C. § 3583(d), as the case may be. The restitution amount shall be paid according to a plan established by the Court. The defendant will be given credit against this restitution amount for any payments made prior to sentencing, as verified by the Office. If the Court imposes a schedule for payment of restitution, the defendant agrees that schedule represents a minimum payment obligation and does not preclude this Office from

2025.03.12

pursuing any other means by which to satisfy the full amount of the defendant's outstanding restitution to the victims. The defendant further agrees that by virtue of his pleas of guilty, Victim-1, Victim-2, and all victims of Count Four (including victims in images and/or videos of child sexual abuse material possessed by the defendant) may submit a victim impact statement to the Court and/or speak at sentencing pursuant to 18 U.S.C. § 3771(a)(4), and that Victim-3, and any other identified victim of the uncharged conduct described herein, may be accorded the same right, as if they were victims of an offense of conviction.

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 6B1.4, the parties hereby stipulate to the following:

A. Offense Level

1. The applicable Guidelines manual is the November 1, 2025 edition.

Count One: Drug Distribution with Intent to Commit Rape

2. The sentencing guideline that applies to the offense charged in Count One is U.S.S.G. § 2D1.1.

3. Pursuant to U.S.S.G. § 2D1.1(a)(5) and 2D1.1(c)(17), the base offense level for Count One is 6, because the offense involved less than 16,000 units of a Schedule IV substance, namely, Klonopin (clonazepam).

4. Pursuant to U.S.S.G. § 2D1.1(d)(2), because the defendant was convicted under 21 U.S.C. § 841(b)(7) of distributing a controlled substance with intent to commit a crime of violence, namely, rape, U.S.S.G. § 2X1.1 applies in respect to that other offense, if the resulting offense level is greater than that determined above.

5. Pursuant to U.S.S.G. § 2X1.1(a), because the substantive offense that the defendant committed constitutes criminal sexual abuse, which is expressly covered by U.S.S.G. § 2A3.1(a), the base level offense is 30.

6. Pursuant to U.S.S.G. § 2A3.1(b)(1), four offense levels are added because the offense involved conduct described in 18 U.S.C. § 2241(a) and/or (b).

7. Pursuant to U.S.S.G. § 3A1.3, two offense levels are added because the victim was physically restrained in the course of the offense.

8. Accordingly, the offense level for Count One is 36.

Count Three: Inducement to Travel to Engage in Unlawful Sexual Activity

9. The Guideline applicable to Count Three is U.S.S.G. § 2G1.1.

2025.03.12

10. Pursuant to U.S.S.G. § 2G1.1(c)(1), because the offense involved conduct described in 18 U.S.C. § 2241(a) and/or (b), the cross-reference to § 2A3.1 applies.

11. Pursuant to U.S.S.G. § 2A3.1(a)(1), the base offense level is 30.

12. Pursuant to U.S.S.G. § 2A3.1(b)(1), four offense levels are added because the offense involved conduct described in 18 U.S.C. § 2241(a) and/or (b).

13. Pursuant to U.S.S.G. § 3A1.1(b)(1), two offense levels are added because the defendant knew or should have known that the victim was a vulnerable victim.

14. Pursuant to U.S.S.G. § 3A1.3, two offense levels are added because the victim was physically restrained in the course of the offense.

15. Accordingly, the offense level for Count Three is 38.

Count Four: Receipt of Child Pornography

16. The Guideline applicable to Count Four is U.S.S.G. § 2G2.2.

17. Pursuant to U.S.S.G. § 2G2.2(a)(2), the base offense level is 22.

18. Pursuant to U.S.S.G. § 2G2.2(b)(2), two offense levels are added because the material involved a prepubescent minor and/or a minor who had not attained the age of 12 years.

19. Pursuant to U.S.S.G. § 2G2.2(b)(4), four offense levels are added because the offense involved material that portrays sexual abuse and/or exploitation of an infant or toddler.

20. Pursuant to U.S.S.G. § 2G2.2(b)(6), two offense levels are added because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material.

21. Pursuant to U.S.S.G. § 2G2.2(b)(7)(D) & cmt. 6(B)(ii), five offense levels are added because the offense involved 600 or more images.

22. Accordingly, the offense level for Count Four is 35.

Count Six: Falsification of a Document with Intent to Obstruct a Federal Investigation

23. The sentencing guideline that applies to the offense charged in Count Six is U.S.S.G. § 2J1.2.

24. Pursuant to U.S.S.G. § 2J1.2 (a), the base offense level is 14.

25. Accordingly, the offense level for Count Six is 14.

2025.03.12

Grouping Analysis

26. Count One is not grouped with any other count and constitutes a separate Group ("Group One"). Accordingly, the offense level for Group One is 36.

27. Count Three is not grouped with any other count and constitutes a separate Group ("Group Two"). Accordingly, the offense level for Group Two is 38.

28. Pursuant to U.S.S.G. § 3D1.2(c), Count Four is grouped with Count Six ("Group Three") because the conduct constituting Count Six represents conduct treated as a specific offense characteristic in the guideline applicable to Count Four, the underlying offense.

29. Pursuant to U.S.S.G. § 3C1.1, Application Note 8, when the defendant is convicted both of an obstruction offense and the underlying offense, the count for the obstruction offense is grouped with the count for the underlying offense under § 3D1.2(c), and the offense level for that Group is the offense level for the underlying offense increased by the two-level adjustment specified by § 3C1.1, or the offense level for the obstruction offense, whichever is greater. Here, the offense level for Group Three is the greater of: (a) 35 (the offense level for Count Four) plus two levels for obstruction of justice or (b) 14 (the offense level for Count Six alone). Accordingly, the offense level for Group Three is 37.

30. Pursuant to U.S.S.G. § 3E1.1, cmt. n.4, because the defendant engaged in conduct resulting in an enhancement under U.S.S.G. § 3C1.1, the defendant is not entitled to a decrease in his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b).

31. Pursuant to U.S.S.G. § 3D1.4(a), the Group with the highest offense level is counted as one Unit. The highest offense level is 38 for Group Two. Accordingly, Group Two is counted as one Unit.

32. Pursuant to U.S.S.G. § 3D1.4(a), because Group One is one to four levels less serious than Group Two, Group One counts as one Unit.

33. Pursuant to U.S.S.G. § 3D1.4(a), because Group Three is one to four levels less serious than Group Two, Group Three counts as one Unit.

34. Pursuant to U.S.S.G. § 3D1.4, in total, there are three Units, and therefore three levels are added to the offense level for Group Two. Accordingly, the combined adjusted offense level is 41.

35. In accordance with the above, the applicable Guidelines offense level is 41.

B. Criminal History Category

Based upon this Office's current understanding (including from representations by the defense), the defendant has zero criminal history points.

In accordance with the above, the defendant's Criminal History Category is I.

2025.03.12

C.  Sentencing Range

Based upon the calculations set forth above, the defendant's sentencing range is 324 to 405 months' imprisonment, with a mandatory minimum of 60 months' imprisonment (the "Stipulated Guidelines Range").  In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2.  At offense level 41, the applicable fine range is $50,000 to $500,000.

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted.  Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein.  Nor will either party in any way suggest that the Probation Office or the Court consider such a departure or adjustment under the Guidelines.

The parties further agree that any oral or written sentencing submission to the Probation Office or the Court will be accompanied by an express request for a sentence that is no lower than 240 months' imprisonment and no higher than 360 months' imprisonment.

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the range of 240 to 360 months' imprisonment the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); (iii) to seek an appropriately adjusted Guidelines range if it is determined based upon information not contained in this Agreement that the defendant's criminal history category is different from that set forth above; and (iv) to seek an appropriately adjusted Guidelines range or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through the defendant's allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation or the advocacy limitation specified, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts.  In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the stipulated Guidelines range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

2025.03.12

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that the defendant's entry of guilty pleas to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentences.  This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive.  Moreover, it is understood that the defendant will have no right to withdraw the defendant's pleas of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed that the defendant will not file a direct appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the defendant's conviction.  In addition to any other claims the defendant might raise, the defendant waives the right to challenge the conviction based on (1) any non-jurisdictional defects in the proceedings before entry of these pleas, (2) a claim that the statutes to which the defendant is pleading guilty are unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statutes.  It is further agreed that (i) the defendant will not file a direct appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, any sentence within or below the Stipulated Guidelines Range of 324 to 405 months' imprisonment, and (ii) that the Government will not appeal any sentence of within or above the Stipulated Guidelines Range of 324 to 405 months' imprisonment.  This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation.  The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case.  The defendant further agrees not to appeal or bring a collateral challenge of any term of supervised release that is less than or equal to the statutory maximum or any condition of supervised release imposed by the Court for which he had notice, including from a recommendation by the Probation Office in the presentence investigation report, and an opportunity to object.  The defendant also agrees not to appeal or bring a collateral challenge of any fine that is less than or equal to $500,000, and the Government agrees not to appeal any fine that is greater than or equal to $50,000. The defendant also agrees not to appeal or bring a collateral challenge to any special assessment that is less than or equal to $400, and any additional assessment pursuant to 18 U.S.C. § 2259A that is less than or equal to $35,000.  The defendant also agrees not to appeal or bring a collateral challenge to any restitution amount that is less than or equal to $250,000.  Notwithstanding the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise.  Rather, it is expressly agreed that the defendant reserves those rights.

The defendant hereby acknowledges that the defendant has accepted this Agreement and decided to plead guilty because the defendant is in fact guilty.

By entering these pleas of guilty, the defendant waives any and all right to withdraw the defendant's pleas or to attack the defendant's conviction or sentence, either on direct appeal or

2025.03.12

collaterally, on the ground that the Government has failed to produce any discovery material (other than information establishing the factual innocence of the defendant), including *Jencks* Act material, material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

The defendant recognizes that, if the defendant is not a citizen of the United States, the defendant's guilty pleas and conviction make it very likely that the defendant's removal from the United States is presumptively mandatory and that, at a minimum, the defendant is at risk of being removed or suffering other adverse immigration consequences. If the defendant is a naturalized citizen of the United States, the defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status. Under federal law, an individual may be subject to denaturalization and removal if the defendant's naturalization was procured by concealment of a material fact or by willful misrepresentation, or otherwise illegally procured.

The defendant understands and acknowledges that, under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where he resides, where he is employed, and where he is a student. The defendant understands that the requirements for registration include providing his true name, residence address, and the names and addresses of any places where he is or will be an employee or student. The defendant further understands that the requirement to keep the registration current includes informing at least one of the aforementioned jurisdictions not later than three days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by a fine, imprisonment, or both.

It is further agreed that should the convictions following the defendant's pleas of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

2025.03.12

The parties understand that this Agreement reflects the special facts of this case and is not intended as precedent for other cases.

Very truly yours,

JAY CLAYTON
United States Attorney

By:    /s/
Remy Grosbard
Rita Maxwell
Joseph Zabel
Daniel C. Richenthal
Assistant United States Attorneys
(212) 637-2446/2206/1559/2109

APPROVED:

/s/
Jacob H. Gutwillig
Nicholas S. Bradley
Co-Chiefs, General Crimes Unit

AGREED AND CONSENTED TO:

_edd Smith_                          1/26/26
EDWARD GENE SMITH                    DATE
Defendant

APPROVED:

_____              _____
SAMUEL M. BRAVERMAN                  DATE
Attorney for EDWARD GENE SMITH

_Ken Womble_                         1/26/26
KEN WOMBLE                           DATE
Attorney for EDWARD GENE SMITH

2025.03.12

## Exhibit A

In connection with his guilty pleas to Counts One, Three, Four, and Six of the Indictment, defendant Edward Gene Smith (hereinafter, the "defendant"), admits the following facts:

i.    On or about April 23, 2023, at the defendant's New York apartment on Central Park South (the "Central Park South Apartment"), distributing Klonopin, a controlled substance, to Victim-1 with the intent to rape her; specifically by, unbeknownst to Victim-1, adding Klonopin to one or more alcoholic drinks, providing the drugged drink(s) to Victim-1, and after she consumed the drugged drink(s), physically restraining Victim-1, commencing vaginal sex with Victim-1, during which Victim-1 lost consciousness, and then, while she was unconscious, digitally penetrating Victim-1, videotaping the digital penetration of Victim-1 without her consent, and distributing the video without her consent on a Telegram chat to gain entry to a group for Telegram users who share videos of sexual abuse of sleeping and/or unconscious women, as charged in Count One of the Indictment;

ii.   In or about August 2024, after the June 2024 search by the Federal Bureau of Investigation of the Central Park South Apartment, soliciting and inducing Victim-1 to sign a false letter that the defendant drafted stating, among other things, that Victim-1 had "free access to his residence and specifically his computing devices" and had "occasionally viewed and/or downloaded adult material on his computer," knowing these statements to be false, and intending to use the statements to seek to influence and obstruct the federal investigation into the defendant's receipt and possession of child sexual abuse material, and after she signed the letter, paying Victim-1 approximately $5,000, as charged in Count Six of the Indictment;

iii.  In or about August 2024, soliciting other individuals to sign false letters that the defendant drafted containing similar false statements regarding their purported access to the defendant's electronic devices, knowing those statements to be false, and intending to use them to seek to influence and obstruct the federal investigation into the defendant's receipt and possession of child sexual abuse material;

iv.   Between in or about 2019 and in or about 2020, repeatedly drugging and sexually assaulting Victim-2, specifically:

    a.   drugging Victim-2 in or about ▮▮▮▮ 2019 by, unbeknownst to Victim-2, providing Victim-2 with one or more alcoholic drinks to which the defendant added a controlled substance, which Victim-2 drank and caused Victim-2 to lose consciousness, and while Victim-2 was unconscious, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and taking photos of Victim-2 in this state without her consent and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and

    b.   repeatedly drugging Victim-2 between and in or about ▮▮▮▮ 2019 and in or about ▮▮▮▮ 2020 by, unbeknownst to Victim-2, providing Victim-2 with one or more alcoholic drinks to which the defendant added a controlled substance, which Victim-2 drank, and then engaging in sexual activity with Victim-2 while she was unconscious and/or incapacitated, as charged in Count Two of the Indictment;

2025.03.12

v.  Between in or about 2019 and in or about 2020, enticing Victim-2 to move from the ███████ to New York and causing Victim-2 to engage in sexual activity through force, including threatened and actual physical assault and physical restraint, and informing Victim-2 of one or more firearms that the defendant possessed and showing Victim-2 at least one such firearm; fraud, including the repeated surreptitious drugging of Victim-2 described above; and coercion, including by controlling Victim-2's finances, social contacts, and appearance, and by monitoring her electronic communications, as charged in Count Two of the Indictment;

vi.  In or about fall 2021, communicating with another individual ("Victim-3") when Victim-3 was 17 years old, encouraging Victim-3 to send naked photos of herself, which she did, and sending Victim-3 photos of his erect penis;

vii.  In or about December 2021, shortly after Victim-3 turned 18 years old, causing the transportation of Victim-3 from the ███████ to New York, attempting to incapacitate Victim-3 by, unbeknownst to Victim-3, providing her with a drink to which the defendant added a controlled substance (which Victim-3 did not drink), restraining Victim-3 on a bench, shocking her genitals with an electric device, and gagging and blindfolding her;

viii.  In or about December 2021, soliciting Victim-3 to bring her younger sister, who was then under 18 years old, and other minor friends to come from the ███████ to New York and encouraging Victim-3 to recruit those minors to engage in sexual conduct with the defendant;

ix.  In or about October 2023, causing the transportation of Victim-3 from the ███████ to New York, drugging Victim-3 with one or more alcoholic beverages to which the defendant added a controlled substance, unbeknownst to Victim-3, which Victim-3 drank, causing her to become impaired and/or incapacitated, and vaginally and anally penetrating Victim-3 while she was under the influence of alcohol and drugs;

x.  In or about October 2023, the day after drugging Victim-3 with alcoholic beverages to which the defendant added one or more controlled substances, as described above, and while she was still recovering from the effects of that drugging, transporting Victim-3 to locations in Manhattan, where she was provided with more alcohol, and where the defendant directed Victim-3 to engage in sexual activities with one or more other men and to provide the defendant with the cash that Victim-3 received from those men in exchange for sexual activity, which Victim-3 did;

xi.  In or about October 2023, posting Victim-3's photographs and personal contact information, without Victim-3's consent or knowledge, to a website advertising prostitution services;

xii.  Between at least in or about 2015 and at least in or about June 2024, planning to drug, attempting to drug, and/or drugging additional women with the intent to incapacitate them and/or render them unable to consent to sexual activity, and then engaging and/or attempting to engage in sexual activity with these women, and, in at least some cases, surreptitiously taking videos or photographs of that sexual activity;

2025.03.12

xiii.    At least in or about June 2023, purchasing child sexual abuse material and receiving child sexual abuse material from the online moniker or persona known as "Snapgod," as charged in Count Four of the Indictment;

xiv.    Between at least in or about 2012 and in or about June 2024, possessing and organizing thousands of files of child sexual abuse material on multiple electronic devices, including images and videos of toddlers and prepubescent children, as charged in Count Five of the Indictment; and

xv.    Between at least in or about 2005 and at least in or about 2008, communicating through email, including through fictitious email addresses in the name of a woman, to solicit stories involving the sexual abuse of minors; and communicating with minors about entering into sexual arrangements with the defendant,

AGREED AND CONSENTED TO:

_edd smith_                                          1/26/26
EDWARD GENE SMITH                      DATE
Defendant

APPROVED:

_____                        _____
SAMUEL M. BRAVERMAN                   DATE
Attorney for EDWARD GENE SMITH

_AK WM_                                            1/26/26
KEN WOMBLE                                    DATE
Attorney for EDWARD GENE SMITH