UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

EDWARD GENE SMITH,

Defendant.

PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY

S2 25 Cr. 04 (PAE)

WHEREAS, on or about December 23, 2025, EDWARD GENE SMITH (the "Defendant"), was charged in a six-count Superseding Indictment, S2 25 Cr. 04 (PAE) (the "Indictment"), with possession with intent to distribute and distribution of a controlled substance with intent to commit rape, in violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(2), and 841(b)(7) (Count One); sex trafficking by force, fraud, or coercion, in violation of Title 18, United States Code, Sections 1591(a) and (b)(1) (Count Two); inducement to travel to engage in unlawful sexual activity, in violation of Title 18, United States Code, Section 2422(a) (Count Three); receipt of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(2)(B) and (b)(1) (Count Four); possession of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2) (Count Five); and falsification of a document with intent to obstruct a federal investigation, in violation of Title 18, United States Code, Sections 1519 and 2 (Count Six);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or

indirectly, as a result of the offense charged in Count One of the Indictment, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Count Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 2428, of any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of the offense charged in Count Three of the Indictment, and any and all property, real and personal, that was used, or intended to be used to commit or facilitate the commission of the offense charged in Count Three of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Three of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Count Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States 2253, of any and all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offense charged in Count Four of the Indictment and any and all property, real and personal, used or intended to be used to commit or promote the commission of the offense charged in Count Four of the Indictment or traceable to such property, including but not limited to the sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Four of the Indictment;

WHEREAS, on or about January 27, 2026, the Defendant pled guilty to Counts One, Three, Four, and Six of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One, Three, and Four of the Indictment and agreed to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 2428, and Title 18, United States Code, Section 2253, all right, title and interest in the following property seized from the Defendant's residence in or about June 2024:

a. A Toshiba Hard Drive, serial number 131APB1TTV2;
b. A Toshiba Hard Drive, serial number X1TCFBVRSPU;
c. A My Passport Hard Drive, serial number WX72DC07A4DH;
d. A Toshiba Hard Drive, serial number 95EA7AP7TYP3;
e. A Seagate Portable Hard Drive, serial number NACMZJ1G;
f. A silver HP Laptop, serial number 5CD026FTPN;
g. A silver HP Laptop, serial number 5CD5396X46;
h. A Lenovo Ideapad laptop, serial number PF48SQF4;
i. A black iPhone, serial number F71WRD64HG71; and
j. A Samsung Galaxy smartphone, IMEI 359823615844679

(a. through j., collectively, the "Specific Property");

WHEREAS, the Government asserts that the Specific Property constitutes property used or intended to be used to facilitate the offenses charged in Count One, Three, and Four of the Indictment;

WHEREAS, the Government seeks the forfeiture of all right, title, and interest of the Defendant in the Specific Property as property used or intended to be used to facilitate the offenses charged in Count One, Three, and Four of the Indictment; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One, Three, and Four of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant EDWARD GENE SMITH and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally

published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

Paul A. Engelmayer

HONORABLE PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE

8/17/2026
DATE