UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

EDWARD GENE SMITH,

Defendant.

**ORDER**

S2 25 Cr. 4 (PAE)

Upon the application of the United States of America through Remy Grosbard, Rita Maxwell, Daniel C. Richenthal, and Joseph Zabel, Assistant United States Attorneys for the Southern District of New York, and review of the prior proceedings in this matter, it is found that on July 28, 2026, the defendant Edward Gene Smith was sentenced following his plea of guilty to Counts One, Three, Four, and Six of the Second Superseding Indictment, S2 25 Cr. 4 (PAE);

It is further found that at sentencing, the Court ordered the defendant to pay an assessment pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 ("AVAA"), 18 U.S.C. § 2259A, in the amount of $35,000, and an assessment pursuant to the Justice for Victims of Trafficking Act of 2015 ("JVTA"), 18 U.S.C. § 3014, in the amount of $5,000;

It is further found that on July 28, 2026, defense counsel Donna R. Newman submitted a letter to the Court in connection with the assessments that the Court imposed;

It is further found that the Court directed the Government to respond to defense counsel's letter, and the Government submitted its response by letter dated August 3, 2026, proposing that the Court impose the AVAA assessment now, structured for payment on an installment basis or with a payment date certain, and decline to impose the JVTA assessment;

It is further found that by Endorsed Order dated August 5, 2026, the Court adopted the Government's proposal, declined to impose the JVTA assessment, directed that the AVAA assessment be imposed and structured for payment on an installment basis or with a payment date certain, and directed the Government to submit a proposed order to that effect; and therefore it is

ORDERED that no assessment shall be imposed on the defendant pursuant to 18 U.S.C. § 3014; and it is further

ORDERED that the defendant shall pay an assessment of $35,000 pursuant to 18 U.S.C. § 2259A; and it is further

ORDERED that, in the interest of justice pursuant to 18 U.S.C. § 3572(d)(1)-(2), payment of the AVAA assessment shall be due starting 90 days from the date of the entry of this Order and the defendant shall pay no less than twenty percent (20%) of his gross monthly income toward this assessment whether during any term of imprisonment or following his release, and continuing throughout any term of supervised release, until his obligations under this Order and any restitution order in this case are paid in full, without prejudice to the Government's right to seek immediate payment in full or to take enforcement action against any of the defendant's assets; and it is further

ORDERED that any and all funds recovered from the defendant, whether through attachment, lien, garnishment, voluntary payment, or otherwise, shall be applied first, in full, to restitution owed to the victims of the defendant's offenses in this case before any such funds are applied to the AVAA assessment imposed by this Order; and it is further

ORDERED that this Order is without prejudice to the Government and defendant's right to seek modification of this payment schedule, or immediate payment in full, upon a showing of a material change in the defendant's economic circumstances, pursuant to 18 U.S.C. § 3572(d)(3),

and without prejudice to any victim's right to be heard on matters relating to restitution pursuant to 18 U.S.C. § 3771.

The Clerk of Court is requested to terminate the motion at Dkt. No. 254.

Dated: New York, New York
August 17, 2026

Paul A. Engelmayer

HONORABLE PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK